IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| UNITED STATES ex rel.,<br>Ryma Bielkus, Robert Snyder,<br>& Joan Phillips,<br><br>　　　　Plaintiffs/Relators,<br><br>　　v.<br><br>DR. KRISHNA P. SURAPANENI,<br>K&S HEALTHCARE, LLC, d/b/a<br>SOUTHWEST REGIONAL MEDICAL<br>CENTER AND KPMD, INC.,<br><br>　　　　Defendants. | :　Case No. 1:15-cv-249<br>:<br>:　Judge Matthew W. McFarland<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**ORDER**

This matter is before the Court on the Government's ex parte motion for extension of time to consider election to intervene (Doc. 34).

Relators filed the complaint in this qui tam action in April 2015. As provided by statute, 31 U.S.C. § 3730(b)(2), the complaint initially remained under seal. The False Claims Act ("FCA") permits the Government to elect to intervene in qui tam litigation within 60 days of receiving the complaint and material evidence and information. 31 U.S.C. § 3730(b)(2). The FCA also provides for extensions of time during which the complaint remains under seal. 31 U.S.C. § 3730(b)(3).

From June 2015 to September 2021, the Government sought extensions of the time it had to decide whether to elect to intervene, pursuant to § 3730(b)(3). Because of the

lengthy delay and lack of evident progress, the Court scheduled a telephonic status conference in June 2021. Counsel for the Government indicated that the matter was close to a resolution. At a follow-up status conference in July, the next month, the same counsel advised that the matter could be resolved soon. During a third status conference, in August, counsel for the Government advised that the Government would intervene; the Court set a deadline of September 7, 2021. (Doc. 31.) Two days *after* that deadline had expired, the Government again moved for an extension of time in which to elect to intervene, requesting a new deadline of September 28, 2021. The Court granted that request but advised that "[f]urther extensions may not be granted as this case has been pending since 2015." (Doc. 33.) On September 28, 2021, the Government filed yet another motion for extension—its twelfth since this case began.

"*Qui tam* complaints under the FCA are temporarily sealed by statute to enable the Government to perform a relatively straightforward task: 'ascertain the status quo and come to a decision as to whether it will intervene. . . .'" *U.S. ex rel. Martin v. Life Care Centers of Am., Inc.*, 912 F. Supp. 2d 618, 623 (E.D. Tenn. 2012) (quoting *U.S. ex rel. Summers v. LHC Grp., Inc.*, 623 F.3d 287, 292 (6th Cir. 2010), *abrogated on other grounds by State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 137 S. Ct. 436 (2016)). A court may grant extensions if the Government shows good cause. 31 U.S.C. § 3730(b)(3).

Six and a half years is ample time for the Government to elect to intervene in this matter. *See Martin*, 912 F. Supp. 2d at 623. This is especially so in light of the generic, recycled justifications the Government has used in its last several extension motions. As of September 28, 2021, the Government's intervention rights have expired. Because the

2

Government has had more than enough time to decide whether to intervene in this qui tam action, but continues to repeat the same bases for justification, it fails to show good cause for another extension. Furthermore, its most recent motion contains incorrect dates left over from former motions, which is concerning to the Court. Lastly, the Government was on notice that further extensions might not be granted given its extreme delay in deciding whether to intervene. (*See* Doc. 33.)

Because the Government has failed to timely elect to intervene in this action under the False Claims Act, *see* 31 U.S.C. § 3730(b)(4)(B), the Court rules as follows:

**IT IS ORDERED** that:

1. the ex parte motion for extension (Doc. 34) is **DENIED**;
2. the Complaint be unsealed and served upon the Defendants by the Relators;
3. all other contents of the Court's file in this action remain under seal and not be made public or served upon defendants, except for this Order, which the relators will serve upon the defendants only after service of the Complaint;
4. the seal be lifted as to all other matters occurring in this action after the date of this order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND